IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RICHARD GRAHAM,<br><br>        **Plaintiff,**<br><br>v.<br><br>TRUIST BANK,<br><br>        **Defendant.** | **CIVIL ACTION NO.**<br>3:24-cv-5817-SAL<br>_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Truist Bank ("Truist"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Court of Common Pleas for the County of Lexington, South Carolina, to the United States District Court for the District of South Carolina, Columbia Division. In support of this notice of removal, Truist states as follows:

### I. PROCEDURAL HISTORY

1.    Plaintiff Richard Graham ("Plaintiff") commenced this action by filing a Complaint in the Court of Common Pleas for the County of Lexington, South Carolina against Truist on or about September 10, 2024. The Complaint was assigned case number 2024CP3203780. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2.    The Complaint was served on Truist on September 13, 2024.

3. The Complaint alleges that Truist reported inaccurate information on Plaintiff's credit report and violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

6. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Truist under the FCRA, a federal statute. *See* 15 U.S.C. § 1681, *et seq.* (*See* Ex. A, Compl.)

8. Accordingly, federal question jurisdiction exists, as Plaintiff's FCRA claims arise under the laws of the United States and could have been originally filed in this Court.

## III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Truist's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims

and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Truist also reserves the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. PROCEDURAL REQUIREMENTS

10. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Truist to date in this case.

12. This Notice of Removal is filed within thirty days after service on Truist of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

13. Truist has not previously sought similar relief.

14. The United States District Court for the District of South Carolina, Columbia Division, is the District and Division embracing the place where this action is pending in state court.

15. Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. Contemporaneously with the filing of this Notice of Removal, Truist has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Court of Common Pleas for the County of Lexington, South Carolina.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Truist prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Court of Common Pleas for the County of Lexington, South Carolina, to the United States District Court for the District of South Carolina, Columbia Division.

Respectfully submitted this 11th day of October, 2024.

                                      */s/ Richard C. Keller*
                                      Richard C. Keller
                                      SC Bar No. 74094
                                      rkeller@burr.com
                                      BURR & FORMAN, LLP
                                      420 North 20th Street, Suite 3400
                                      Birmingham, AL 35203
                                      Telephone:  (205) 251-3000
                                      Facsimile:  (205) 458-5100

                                      Attorney for Defendant
                                      TRUIST BANK

5

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, and via e-mail on this 11th day of October, 2024:

Dave Maxfield, Esq.
P.O. Box 11865
Columbia, SC 29211
dave@consumerlawsc.com
*Counsel for Plaintiff*

            */s/ Richard C. Keller*
            Richard C. Keller
            Of Counsel