# Exhibit A

ELECTRONICALLY FILED - 2024 Sep 10 11:51 AM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |

Richard Graham,

                          Plaintiff(s),    Case No.

-vs-

Truist Bank,                                      **SUMMONS**

                         Defendant(s).

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                              DAVE MAXFIELD, ATTORNEY, LLC

                                              s/ David A. Maxfield

                                              _____

                                              Dave Maxfield, Esq., SC Bar No. 7163
                                              P.O. Box 11865
                                              Columbia, SC 29211
                                              (803) 509-6800
                                              (855) 299-1656 (fax)
                                              dave@consumerlawsc.com

September 10, 2024

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| | |
| Richard Graham, | |
| Plaintiff, | **COMPLAINT** |
| -vs- | (Jury Trial Requested) |
| Truist Bank, | |
| Defendant. | |

Plaintiff, complaining of the Defendant above named, would respectfully show:

## JURISDICTION

1. The State of Residence of Plaintiff is South Carolina, County of Lexington.

2. Truist Bank is the seventh-largest bank in the United States, with its headquarters and nerve center in the state of North Carolina.

3. Truist Bank transacts substantial business throughout South Carolina, including in Lexington County, South Carolina.

4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

## FACTUAL ALLEGATIONS

5. In or around September 2022, unknown persons in Alabama committed or attempted to commit identity theft by using Plaintiff's personal identifying information to apply for credit with numerous parties, including at several car dealerships.

1

6. As a result of a fraudulent credit application made by criminal(s), Defendant Truist Bank accessed Plaintiff's credit file and made an auto loan for the purchase of a 2021 Honda CR-V at Serra Hyundai in Gadsden, Alabama.

7. Truist Bank then added a fraudulent tradeline to Plaintiff's credit files reflecting that Plaintiff owed nearly $45,000 for the above vehicle.

8. Upon discovery of this fraudulent activity, Plaintiff immediately made a police report in Lexington, South Carolina.

9. Plaintiff also told Truist Bank, in person, of the fact that the account was opened by fraud, and that he had no liability for it.

10. Plaintiff also made multiple disputes to credit reporting agencies, including Trans Union, Experian and Equifax, who communicated Plaintiff's dispute (which included his Police Report) to Defendant Truist.

11. Plaintiff provided actual notice of his identity theft to Truist, which included a copy of an identity theft report.

12. Truist received these disputes and, despite having actual and constructive knowledge that Plaintiff was a fraud victim and was not liable for the accounts, did not properly and reasonably
    a. consider documents received from Experian Equifax, and Trans Union.
    b. investigate the dispute,
    c. report the results of its investigation,
    d. and remove the fraudulent tradeline from Plaintiff's credit files.

13. The disputed account information at issue was not verifieable, and should have been deleted from Plaintiff's credit file by Truist.

14. As a direct and proximate result of Truist Bank's actions, Plaintiff has suffered damages, including but not limited to:
    a. Emotional distress including humiliation, fear, worry, anxiety, and depression, and the physical manifestations of same

ELECTRONICALLY FILED - 2024 Sep 10 11:51 AM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

      b.  Lost time spent attempting to rectify the harm caused;

      c.  Harm to existing and/or prospective credit;

      d.  Harm to reputation;

      e.  Loss of fundamental right to privacy and/or the right to be left alone;

      f.  Such other harms and losses as may be shown at trial.

15. Defendant must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described, to return Plaintiff to the position enjoyed before wrongful injury.

16. For those harms and losses reasonably expected to continue into the future, Defendant must compensate for their expected continuing impact and effect,

17. Additionally, due to the intentional or reckless nature of the wrongful acts described, Defendant must pay nominal or symbolic damages and punitive damages to punish said conduct and deter its reoccurrence.

18. Defendant must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.

19. All of the harms and losses caused by Defendant are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

### FOR A FIRST CAUSE OF ACTION
### (Violation of 15 USC §1681s-2(b), FCRA)

20. The allegations contained hereinabove are repeated as if alleged verbatim, to the extent not inconsistent with this cause of action.

21. Truist Bank is a "furnisher" of information as contemplated by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).

22. Under 15 U.S.C. § 1681s-2(b), after receiving notice of a dispute from a consumer reporting agency, Truist Bank had to conduct a reasonable investigation regarding the disputed information.

23. Truist Bank received multiple notices of dispute from multiple credit reporting agencies.

24. Truist Bank did not reasonably investigate Plaintiff's dispute regarding the fraudulent tradeline.

25. Truist Bank did not review all relevant information provided by the consumer reporting agency under 15 U.S.C. § 1681i(a)(2).

26. Truist Bank did not accurately report the results of its investigation to the consumer reporting agency.

27. Truist Bank did not note Plaintiff's account as "disputed" following its investigation in its reporting to the CRA's.

28. Because of Truist Bank's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages, including damage to his credit reputation, emotional distress, and other damages to be proven.

29. Truist Bank's actions were willful, rendering it liable for punitive damages under 15 U.S.C. § 1681n.

30. In the alternative, Truist Bank was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Plaintiff is also entitled to recover attorney's fees and costs, under either or both of the above code sections.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages in an amount to be determined at trial;

2. Statutory damages;

3. Punitive damages;

4. Costs and reasonable attorney's fees under 15 U.S.C. § 1681n and/or § 1681o; and,

5. Such other and further relief as may be just and proper.

                        **Respectfully submitted,**

                        DAVE MAXFIELD, ATTORNEY, LLC

                        s/ David A. Maxfield
                        _____
                        Dave Maxfield, Esq., SC Bar No. 7163
                        P.O. Box 11865
                        Columbia, SC 29211
                        (803) 509-6800
                        dave@consumerlawsc.com

September 9, 2024

ELECTRONICALLY FILED - 2024 Sep 10 11:51 AM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

ELECTRONICALLY FILED - 2024 Sep 18 2:13 PM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |

Richard Graham,

                        Plaintiff(s),

-vs-

Truist Bank,

                        Defendant(s).

2024-CP-32-03780

## PROOF OF SERVICE

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served Corporation Service Company as registered agent for Truist Bank, by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested on the 13th day of September 2024, with a Summons & Complaint in the above-entitled action as shown by the attached receipt.

        Respectfully submitted by:

        *Janel Bess*

        _____

        Janel Bess, Paralegal
        janel@consumerlawsc.com
        Dave Maxfield, Attorney, LLC

September 18, 2024



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7455 2055 7753 32

Graham, Richard  StC

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**DAVE MAXFIELD ATTORNEY, LLC**
**PO BOX 11865**
**COLUMBIA, SC 29211-1865**

Truist Bank

30 Days

ELECTRONICALLY FILED - 2024 Sep 18 2:13 PM

ELECTRONICALLY FILED - 2024 Sep 18 2:13 PM

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co.
c/o Truist Bank
508 Meeting Street
West Columbia, SC 29169

9590 9402 7455 2055 7753 32

2. Article Number (Transfer from service label)

7021 0950 0001 8662 9598

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Daniele Kriz*
☐ Agent
☐ Addressee

B. Received by (Printed Name): Daniele Kriz
C. Date of Delivery: 13 SEP 2024

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below. ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

return receipt

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Sep 18 2:41 PM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

# Certificate of Electronic Notification

**Recipients**

**David Maxfield**  - Notification transmitted on 09-18-2024 02:13:46 PM.

ELECTRONICALLY FILED - 2024 Sep 18 2:41 PM - LEXINGTON - COMMON PLEAS - CASE#2024CP3203780

# ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
# NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2024CP3203780

| | |
|---|---|
| **Official File Stamp:** | 09-18-2024 02:13:34 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Lexington |
| **Case Caption:** | Richard Graham VS Truist Bank |
| **Document(s) Submitted:** | Service/Acknowledgment Of Service |
| | - Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Richard Graham

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Truist Bank